# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51228-9-II |
| Respondent, | |
| v. | |
| ANGELA MARIE JANTZI, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Angela Jantzi pleaded guilty to second degree burglary. At sentencing, the trial court imposed a criminal filing fee, a DNA (deoxyribonucleic acid) collection fee, and an interest accrual provision on nonrestitution legal financial obligations (LFOs). Jantzi appeals her judgment and sentence, arguing that as an indigent defendant, the trial court erred in imposing the criminal filing fee, the DNA collection fee, and the interest accrual provision on nonrestitution LFOs. The State concedes all issues.

We agree and remand to the trial court to strike the criminal filing fee, the DNA collection fee, and the provision imposing interest on nonrestitution LFOs.

## FACTS

Angela Jantzi pleaded guilty to one count of second degree burglary. At sentencing, the trial court acknowledged that Jantzi was previously found indigent and stated, "I'll follow the recommendation . . . I'll only impose the minimum fines." Verbatim Report of Proceedings at 7. But the trial court imposed a $200 criminal filing fee, a $100 DNA collection fee, and an interest accrual provision on nonrestitution LFOs.

Jantzi's judgment and sentence included her criminal history which shows she had multiple felonies pending in drug court and listed her offender score as 8. The interest accrual provision stated that the "Financial obligations in this judgment shall bear interest from [the] date of the judgment until paid in full at the rate applicable to civil judgments." CP at 33. The trial court found Jantzi indigent for the purposes of an appeal.

Jantzi appeals her judgment and sentence.

ANALYSIS

Jantzi argues that the criminal filing fee and the DNA collection fee should be stricken from the judgment and sentence because the LFO statutes do not authorize the imposition of discretionary costs on indigent defendants. Jantzi also argues that the interest accrual provision must be stricken in light of *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

The State concedes that the criminal filing fee and the DNA collection fee should be stricken from the judgment and sentence because Jantzi was indigent at sentencing and she had multiple felonies pending in drug court which were used in calculating her offender score. The State also concedes that the interest accrual provision on nonrestitution LFOs should be stricken from the judgment and sentence. We agree.

A.     *Criminal Filing Fee and DNA Collection Fee*

Courts cannot impose a criminal filing fee on indigent defendants. RCW 36.18.020(2)(h). Courts also cannot impose a DNA collection fee if the State has already collected DNA from the defendant in a previous case. RCW 43.43.7541.

Here, the trial court nevertheless imposed a $200 criminal filing fee. The State concedes that Jantzi's DNA has already been collected. We accept the State's concessions and remand to the trial court to strike the criminal filing fee and the DNA collection fee.

B.       *Interest Accrual Provision*

RCW 10.82.090 differentiates between restitution and nonrestitution LFOs. Trial courts are prohibited from imposing interest accrual on nonrestitution LFOs. RCW 10.82.090(1); *Ramirez*, 191 Wn.2d at 747.

Here, the trial court nevertheless imposed an interest accrual provision on nonrestitution LFOs. Therefore, we accept the State's concession that the interest accrual provision on nonrestitution LFOs should be stricken.

Accordingly, we remand to the trial court to strike the criminal filing fee, the DNA collection fee, and the provision imposing interest on nonrestitution LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

_____
Maxa, J.

_____
Cruser, J.